(134 App. Div. 496.)

### IBLED v. KOEHLER.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

ARREST (§ 35*)—CIVIL ACTION—COMPLAINT.

Plaintiff and his assignors contracted for the sale of certain merchandise to defendant, agreeing to bear the cost of advertising to a certain sum. A complaint, on which an order of arrest was granted, alleged that defendant received money, or merchandise, to be expended in advertising, and that he "did not apply the sum, or any substantial part of it, to the express purpose for which it was received, namely, to advertise plaintiff's merchandise, but, on the contrary, appropriated the same to his own use," and neither the complaint nor the affidavit alleged how much defendant owed. *Held*, that the complaint did not state a cause of action for conversion, and was therefor insufficient to sustain an order of arrest.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 87; Dec. Dig. § 35.*]

Appeal from Special Term, New York County.

Action by Pierre Ibled against Arthur J. Koehler. From an order denying defendant's motion to vacate an order of arrest, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles Goldzier, for appellant.

Maurice Leon, for respondent.

SCOTT, J. The defendant appeals from an order denying a motion to vacate an order of arrest.

The complaint contains three counts, in one of which the plaintiff sues in his own right, and in the other two as assignee of others. The complaint alleges that the defendant received from each of certain French merchants a sum of money, or (in one case) certain merchandise, to be expended in advertising, and that he "did not apply said sum, or any substantial part thereof, to the express purpose for which he had received it from plaintiff, namely, to advertise plaintiff's merchandise, but, on the contrary, appropriated and converted the same to his own use."

The complaint wholly lacks the allegations necessary to charge a conversion, and neither the complaint nor affidavit states, nor can it be spelled out from them, how much defendant owes. It is not alleged that defendant received the money or goods in a fiduciary capacity, nor do the contracts show it. They are contracts for the sale of merchandise to defendant; plaintiff and his assignors agreeing to bear the cost of advertising up to a certain sum. It is not alleged that defendant represented that he had expended any particular sum, and upon such representation received payment. The allegation is that certain sums were sent to him to be expended in advertising, and that he has not, as yet, spent all that was sent him. This may give plaintiff a right to recover back whatever has not been spent; but it does not imply fraud, or the violation of a fiduciary duty.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.